(No. 4062

Minnie Ayers, Claimant, vs. State of Illinois, Respondent.

*Opinion filed May 11, 1948.*

Frank M. Ozinga, for Claimant.

George F. Barrett, Attorney General; William L. Morgan, Assistant Attorney General, for Respondent.

DAMRON, J.

This complaint was filed on January 16, 1948 by Minnie Ayers, sister of Walter F. Schultz, deceased, for an award under the Workmen's Compensation Act.

The record consists of the complaint, departmental report, transcript of evidence, waiver of claimant's brief, waiver of respondent's brief, commissioner's report and reporter's bill.

It was stipulated between claimant and respondent by their respective attorneys, upon the hearing on April 2, 1948 before the Commissioner, that the Departmental Report of the Division of Highways, Department of Public Works and Buildings, filed herein on February 11, 1948 would constitute the record in this cause as to the facts set forth therein.

It appears from the Departmental Report that Walter F. Schultz on November 12, 1947 was 52 years of age and unmarried. The deceased was regularly employed by the Division of Highways from May 22, 1942 to the date of his death. On the latter date he was classified as foreman, at a salary of $220.00 a month and for the year preceding his death his earnings totaled $2,856.00.

Early on the afternoon of November 12, 1947 the deceased left the Division Highway garage in Oak Forest, Illinois, in a State owned automobile for the purpose of inspecting the work of various maintenance groups. While driving south on Crawford Avenue across the intersection of 167th Street his automobile collided with the automobile of one Thomas Kalina traveling west on 167th Street. The decedent was thrown from the automobile by the impact and sustained a fracture of the skull and other serious injuries. He was taken to the Oak Forest Infirmary where he died a few hours later.

No jurisdictional question is presented for determination, the parties were operating under the Workmen's Compensation Act and the injuries resulting in the death arose out of and in the course of decedent's employment.

The claimant, Minnie Ayers, sister of the deceased, testified on her own behalf that she had resided with her brother, Walter Schultz, at his home for about seven years preceding his death. He paid for all her clothing, food, board and keep. She had been in ill health during this entire period and had no earning capacity. At present she is an invalid. She had been a widow for twenty-four years. No one other than her brother had contributed to her support or livelihood during five years preceding her brother's death; she had no independent means or income of her own; and during this period of seven years and up to the time of his death she was totally dependent upon the deceased. This evidence was uncontradicted.

It is provided by Section 7 (d) of the Workmen's Compensation Act that where no amount is payable under paragraphs (a), (b), or (c) to a surviving spouse, child or children or parent and the employee leaves collateral heir dependent at the time of the accident to the employee upon his earnings to the extent of fifty per centum or more of total dependency then the amount of compensation shall be such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not more than $3,750.

It is also provided in Section 7 (l) of the Act that where death occurs to an employee as a result of an accidental injury sustained to an employee on or after July 1, 1947, compensation as provided in paragraphs (a),

(b), (c), (d) and (h) of this section shall be computed according to the provisions of this section exclusive of this paragraph, and after so computed shall be increased thirty per centum (30%).

From a careful consideration of this record we find that claimant, Minnie Ayers, at the time of the accident was a collateral heir of Walter F. Schultz, deceased, and was wholly dependent upon him for support and is entitled to an award as provided by Section 7 (d) and (1) of the Workmen's Compensation Act. We further find from the evidence that deceased at the time of the accident which resulted in his death, earned the sum of $2,856.00 for the year preceding the accident; that his average weekly wage amounted to the sum of $50.76, making his compensation rate amount to the sum of $19.50.

An award is hereby entered in favor of Minnie Ayers in the sum of $4,875.00. Of this amount the sum of $507.00 has accrued as of May 12, 1948. The balance of said award is payable to her at $19.50 each week for 224 weeks commencing May 19, 1948.

Future payments of this award being subject to the terms of the Workmen's Compensation Act, including right of subrogation to which respondent might be entitled under Section 29 of the Act, jurisdiction is hereby retained for the purpose of making such future orders as may be necessary in this cause.

The record discloses that A. M. Rothbart and associates court reporting services was employed to report and transcribe the evidence in support of this claim, making a charge therefor in the sum of $16.80. We find these charges to be fair, reasonable and customary in the community where the services were rendered.

An award is therefore entered in the sum of $16.80

197

for the use of A. M. Rothbart and associates court reporting service.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."